IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHASE CARMEN HUNTER § § | |
| V.  § | A-15-CV-405-LY |
| § | |
| VELVA L. PRICE, INDIVIDUALLY, and § IN HER OFFICIAL CAPACITY AS § CLERK OF THE TRAVIS COUNTY § DISTRICT COURT, and the TRAVIS § COUNTY DISTRICT COURT CLERK'S § OFFICE § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Defendants' Motion to Proceed *In Forma Pauperis* (Dkt. No. 2), filed on May 14, 2015; Motion for Appointment of Counsel (Dkt. No. 3); and Motion for Password for Electronic Filing (Dkt. No. 4). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. ANALYSIS**

**A.    IFP Status**

After considering Plaintiff Chase Carmen Hunter's financial affidavit, the Court finds that Hunter is indigent. Accordingly, the Court **GRANTS** Hunter *in forma pauperis* status in the instant case. Because Hunter has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the action pursuant to 28 U.S.C. §1915(e)(2).

B.  **Review under Section 1915**

A district court "shall dismiss" a case brought *in forma pauperis* at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial.*" Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). However, a petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff Chase Carmen Hunter ("Hunter") alleges that employees of the Travis County District Court Clerk's Office, of which Velva Price ("Price") is the Clerk, violated the Due Process Clause of the United States Constitution and the Texas Rules of Civil Procedure by failing to file two civil law suits Hunter attempted to file in Travis County in June of 2013 and subsequently "blocking" Hunter from obtaining default judgments in these suits. Hunter also asserts violations of various

federal criminal statutes, including extortion and wire fraud, for the failure to file these cases. Hunter generally alleges a cause of action pursuant to 42 U.S.C. § 1983.

Hunter asserts that a Travis County District Court Clerk's Office employee fraudulently stated that she had spoken with Hunter and informed Hunter that she needed to pay the filing fees for these cases.[1] Hunter complains that Defendants failed to issue citations in these two cases as required and that Price failed to perform her ministerial duties as Clerk. Hunter alleges that Defendants blocked her access to the courts by not granting the motion to proceed in forma pauperis and failing to file these cases. Additionally, Hunter alleges that she is entitled to default judgment in these cases and that Clerk's Office employees have refused to submit the motions for default judgment to a judge. Hunter complains that she was informed by a Clerk's Office employee that Hunter was required to set the motions for hearing on the docket and announce ready the week before. Hunter complains that her motions for default judgment were improperly placed on the contested instead of the uncontested docket; and were improperly moved to the bottom of the docket because of a incorrectly alleged failure to "announce ready." Hunter also complains that one of her cases was improperly dismissed for lack of prosecution because of these improper actions regarding setting the motion for hearing by the Travis County Clerk's Office. Hunter requests this Court to declare that Hunter is entitled to default judgment in Travis County District Court cases D-1-GN-13-001957 and D-1-GN-13-002576 and declare that Price's actions unlawfully blocked Hunter from obtaining these default judgments. Additionally, Hunter requests that the Court be enjoined from "refusing to provide an accurate clerk record in TTCA cause 03-14-00373-CV."

---

[1] Hunter asserts that she had filed a motion to proceed in forma pauperis. Hunter seems unaware that a grant of in forma pauperis status is not automatic, and that once such a motion is denied, the litigant must pay the required filing fees.

It is a well-settled rule that court clerks "'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). This quasi-judicial immunity enures to a clerk of court and deputy clerks of court when they act as "explicitly commanded by a court decree or by the judge's instructions." *Id.* A local rule or rule of civil procedure is tantamount to a court order. *Jones v. Central Bank*, 161 F.3d 311, 312–13 (5th Cir.1998); *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). When a clerk of court files or refuses to file a document with the court, she is entitled to immunity, provided the acts complained of are within her professional functions. *See Mullis v. Bankr.Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987), *cert. denied,* 486 U.S. 1040 (1988). Hunter has failed to identify any actions by Defendants that fall outside the scope of the normal duties of the Travis County Clerk's Office in its function as an extension of the judiciary. Accordingly, to the extent it alleges damages, Hunter's complaint should be dismissed with prejudice as frivolous. *Boyd*, 31 F.3d at 285.

Apart from Defendants' quasi-judicial immunity from damages, Hunter requests declaratory and injunctive relief. With regard to injunctive relief, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. In this case, Hunter has failed to plead that a declaratory decree has been violated and declaratory relief

4

is unavailable. Additionally, "[a]lthough judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions, [Plaintiff here] cannot obtain [any] requested [declaratory or injunctive] relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche v. Becnel*, 559 F. App'x 290, 291 (5th Cir. 2014). Hunter's complaint should be dismissed with prejudice as frivolous and Hunter should be denied any further relief.

## II.  RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** this case **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

## III.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of May, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE